IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Emil Sierra, | ) | C/A No.  0:08-3222-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| John LaManna, Warden FCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil

Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment.  (Docket Entry 15.)  Emil

Sierra ("Sierra"), a self-represented federal prisoner, filed this action pursuant to 28 U.S.C. § 2241.

On December 9, 2009, the respondent filed a motion for summary judgment.  (Docket Entry

15.)  By order filed December 10, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), the petitioner was advised of the summary judgment and dismissal procedures and the

possible consequences if he failed to respond adequately to the motion.  (Docket Entry 16.)

Following an extension of time, Sierra timely filed a response in opposition to respondent's motion.

(Docket Entry 23.)  The respondent filed a reply on January 26, 2009.[1]  (Docket Entries 24 & 25.)

This motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Sierra, who is serving a federal sentence for various drug charges, is incarcerated with the

Bureau of Prisons.  On January 15, 2008, Sierra received an incident report charging him with

---

[1] Other documents not properly before the court were also submitted by both parties.  See
*infra* note 3.



possession of a weapon after a guard discovered a homemade weapon, a sharpened toothbrush, and a sharpened piece of metal in the light fixture of the cell Sierra shared with another inmate. At his disciplinary hearing, Sierra called no witnesses and offered no exhibits. He declined the assistance of a staff representative, but made a statement in his own defense. The disciplinary hearing officer found Sierra guilty of the alleged infraction and prepared a written report outlining the evidence relied upon and the reason for the sanctions imposed. The hearing officer imposed disciplinary segregation for forty-five days, a loss of forty days of good time credits, and suspended Sierra's commissary privileges for six months. Having exhausted his administrative remedies, Sierra now seeks to have his administrative disciplinary conviction expunged and his sanctions reversed, including restoration of his good time credits. Additionally, he seeks back pay for the time he missed at his prison job as a result of his disciplinary conviction.[2]

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[2]In light of the court's conclusion that Sierra's disciplinary conviction did not violate the Due Process Clause, the court need not address his claim for back pay.



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The sole remedy in federal court for a prisoner seeking restoration of good time credits or seeking to invalidate his disciplinary conviction is a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641 (1997); Preiser, 411 U.S. 475. Moreover, a petition for habeas corpus under § 2241 is the proper method



to challenge the computation or execution of a federal sentence.  See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

**C.     Due Process Argument**

If an inmate properly alleges a deprivation of a liberty or property interest, the court must determine whether the respondent afforded the inmate due process of law in accordance with Wolff v. McDonnell, 418 U.S. 539 (1974), before depriving him of that protected interest.  Under Wolff, the inmate is entitled to the following:  (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) written findings as to the evidence relied upon and reasons for the disciplinary action; and (3) the right to call witnesses and present evidence in his defense, provided there is no undue hazard to institutional safety or correctional goals.  Wolff, 418 U.S. at 563-67. Additionally, an inmate should be permitted to seek counsel substitute (a fellow inmate or a prison employee) if he is illiterate or in a complex case that he cannot handle alone, and he is entitled to have the charges adjudicated by a fair and impartial tribunal.  Id. at 569-71.

Further, the Due Process Clause is satisfied as long as there is "some evidence" supporting the hearing officer's findings.  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985).  "Ascertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Id. at 455-56.  In reviewing a prison disciplinary proceeding, the court must determine whether the hearing officer's decision to revoke good time credits has some factual basis.  Id. at 456.  Federal courts may not review the accuracy of

PJG

the hearing officer's findings of facts.  Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980).

Those findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary

and capricious.  Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981).

Although in his filings[3] Sierra vigorously presents his defense to the disciplinary charge at

issue, the court finds, upon a thorough review of the record,  that Sierra was not denied due process

of law.  Sierra received adequate notice of the charges, adequate opportunity for a hearing in which

he could present witnesses and documentary evidence, opportunity for a counsel substitute, and an

impartial hearing officer who provided a statement of the evidence presented and the reasons for her

decision.  Moreover, despite Sierra's firmly held belief that the hearing officer reached the wrong

conclusion about his guilt of the infraction charged, there is more than sufficient evidence to satisfy

the Due Process Clause's requirement that there be "some evidence" supporting her decision.

Applicable law holds inmates responsible for contraband found in areas under their control.  See 28

C.F.R. § 541.12.  Constructive possession is sufficient to satisfy the "some evidence" standard of

Hill.  See Hamilton v. O'Leary, 976 F.2d 341 (7th Cir. 1992) (discussing how probabilities based

---

[3]After this motion was fully briefed by the parties and ripe for adjudication, Sierra filed a
motion for an extension of time to file a sur-reply.  (Docket Entry 28.)  The court denied this motion,
noting that under Local Civil Rule 7.07 DSC, "[r]eplies to response are discouraged" and, further,
that the Local Rules make no provision whatsoever for sur-replies.  Sierra nevertheless filed a sur-
reply, which simply reiterated his defense to the disciplinary charge.  (Docket Entry 31.)  The
respondent then filed a reply to the sur-reply and referenced a declaration of Brent Hawkins in
further support of his motion for summary judgment.  (Docket Entry 32.)  However, Hawkins's
declaration was not attached to this filing; rather, a declaration of the hearing officer that was
previously submitted with the respondent's reply was attached.  Sierra then filed a reply to this filing.
(Docket Entry 33.)
    Sierra did not have leave of court to file the sur-reply.  Moreover, even assuming that the
five-day response period for initial replies provided under Local Rule 7.07 would apply to these
subsequent filings, many of the post-initial reply filings were untimely.  Accordingly, these filings
are not properly before the court.  Even considering the additional filings, however, they do not
change the court's analysis of the legal issues and its recommendation to grant summary judgment.



upon inmate access to contraband may satisfy the "some evidence" standard); see also McClung v. Shearin, 90 Fed. Appx. 444, 446 (4th Cir. 2004); McClung v. Hollingsworth, 2007 WL 1225946 (4th Cir. Apr. 26, 2007) (both following the approach of the Hamilton Court). Here, the record contains evidence that a prison guard discovered contraband weapons hidden in the light fixture of the cell that Sierra shared with one other inmate. Accordingly, there is "some evidence" supporting the hearing officer's decision.

## RECOMMENDATION

Based upon the record, the court finds that Sierra was afforded due process of law and is not entitled to a writ of habeas corpus or reinstatement of his good time credits. Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 15) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 2, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).